Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Helen Thacker

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helen Thacker,<br><br>     Plaintiff,<br><br>v.<br><br>United of Omaha Life Insurance Company,<br><br>     Defendant. | ACTION NO.: 16-cv-2317<br><br>**COMPLAINT** |

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA [29 U.S.C. § 1132], and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) [29 U.S.C. § 1132 (e) (2)], the Mendocino Coast District Hospital Employee Health Plan Number 501 (hereinafter the "PLAN") is administered in this District and the wrongful

Complaint             1

conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3.  This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4.  Plaintiff is informed and believes that defendant United of Omaha Life Insurance Company(hereinafter "OMAHA") is engaged in the business of insurance within the State of California, including, but not limited to, claims administration, claims handling, insurance sales, the issuance of long term disability policies and providing insurance coverage.

5.  At all relevant times, plaintiff HELEN THACKER was an employee of Mendocino Coast District Hospital and was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) [29 U.S.C. § 1002 (7)], in the PLAN.

6.  At all relevant times, the Mendocino Coast District Hospital Employee Health Plan Number 501 was an employee welfare benefit plan within the meaning of ERISA § 3 (1) [29 U.S.C. § 1002 (1)], sponsored by Mendocino Coast District Hospital, and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered long term disability benefits to employees of Mendocino Coast District Hospital, including plaintiff, through, *inter alia*, an insurance policy issued by defendant OMAHA as policy number GUPR-AFSF.

7.  At all relevant times, defendant OMAHA was a fiduciary of the PLAN within the meaning of ERISA § 3 (21) [29 U.S.C. § 1002 (21)]. At all relevant times, OMAHA exercised control over the payment of long term disability benefits.

## FACTS COMMON TO ALL CLAIMS

8. Prior to her disability, plaintiff worked full-time as a registered nurse for Mendocino Coast District Hospital.

9. On or about April 10, 2013, plaintiff filed a claim for disability benefits with defendant OMAHA and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of her total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating physicians.

10. On or about July 3, 2013, defendant OMAHA approved plaintiff's claim for long term disability benefits.

11. Between January 12, 2013, and the present, and at all other relevant times, plaintiff has complied with all terms and conditions of the PLAN and remained, and continues to remain, totally disabled under the terms of the PLAN.

12. On or about May 27, 2015, defendant OMAHA denied plaintiff's claim for long term disability benefits under the PLAN, alleging that certain information in its possession indicated that plaintiff did not meet the definition of disability under the terms of the PLAN.

13. On July 15, 2015, plaintiff appealed OMAHA's termination of her benefits. Among other things, plaintiff sent OMAHA additional documentation of her disability and asked that it pay her benefits.

14. On or about August 26, 2015, OMAHA denied plaintiff's appeal.

15. In addition to long-term disability benefits, the PLAN also provided life insurance benefits to employees of Mendocino Coast District Hospital, including plaintiff, through, *inter alia*, an insurance policy issued by defendant OMAHA as policy number GLUG-AFSF.

16. Said life insurance policy included a waiver of premium provision which provided for a waiver of premium in the event plaintiff became totally disabled.

17. As it applies to plaintiff's claims, the definition of Total Disability under both the long term disability policy and the life insurance policy are identical.

18. On or about October 14, 2013, plaintiff's application for waiver of life insurance premium was approved by OMAHA.

19. On or about October 12, 2015, Omaha terminated plaintiff's waiver of life insurance claim alleging that she "no longer met the criteria to qualify for this coverage."

20. On December 9, 2015, plaintiff appealed the termination of her waiver of life insurance premium coverage.

21. On March 7, 2016, OMAHA reversed its decision and reinstituted the waiver of plaintiff's life insurance premium.

22. On March 15, 2016, plaintiff's counsel communicated with Molly Kuehl of OMAHA and requested that OMAHA reevaluate it position *vis-a-vis* the termination of plaintiff's long term disability benefits in light of its recent decision to reinstitute plaintiff's waiver of life insurance premium.

23. On April 7, 2016, OMAHA, via Ms. Kuehl, informed plaintiff's counsel that OMAHA's in house orthopedist had reviewed the claim and that plaintiff's long term disability claim would "remain closed."

24. Plaintiff has exhausted her administrative remedies.

25. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

26. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 25 of this complaint.

27. ERISA § 502(a) (1) (B) [29 U.S.C. § 1132 (a) (1) (B)], permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

28.     By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite her complying with the PLAN's requirement of submitting written proof of her total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to deny benefits; taking inconsistent positions as to whether plaintiff was disabled; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations (29 C.F.R. § 2560.503-1), defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

29.     Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 28 of this complaint.

30.     ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

31.     In its capacity as a claims fiduciary, defendant OMAHA owed plaintiff certain fiduciary duties, including that it discharge its duties:

1)  for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

2)  with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

3)  in accordance with the documents and instruments governing the PLAN; and

4)  without misleading plaintiff or misrepresenting information about the status of her

claim.

32. In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R. § 2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying her claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based; failing to provide plaintiff with a description of what information was needed to perfect her claim; ignoring medical records and physicians' opinions which support plaintiff's claim; and taking inconsistent positions as to whether plaintiff was disabled.

33. Defendant OMAHA's acts and omissions as alleged herein constitute a breach of its fiduciary duties owed to plaintiff.

34. As a direct and proximate result of defendant's breach of its fiduciary duties as herein alleged, plaintiff has incurred consequential financial losses and defendant OMAHA has realized gains, meriting the imposition of an equitable surcharge against said defendant.

35. As a direct and proximate result of the improper acts and/or omissions herein alleged, plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

**PRAYER FOR RELIEF**

A. Declare that defendant violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff her long-term disability benefits;

B. Order defendant to pay plaintiff all long-term disability benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

D. Declare that OMAHA has breached its fiduciary duties to plaintiff and the PLAN and enjoin OMAHA from further breaches of its fiduciary duties;

E. Declare that OMAHA has breached its duties to plaintiff under the Department of Labor's claim regulations, and the PLAN, and enjoin OMAHA from further breaches of said duties;

F. Remove OMAHA as a fiduciary of the PLAN and replace OMAHA with an independent fiduciary;

G. Impose an equitable surcharge, payable to plaintiff, against defendant OMAHA, in an amount sufficient to fully compensate her for the consequences of its breach measured by financial loss to plaintiff and/or gain realized by defendant OMAHA.

H. Award plaintiff pre-judgment interest on all monies requested herein;

I. Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)]; and

J. Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: April 27, 2016            By: ___/s_____
                                 Scott Kalkin
                                 Attorneys for plaintiff

Complaint                        7